THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHANDRA M. GREEN, | ) | Case No. 2:09CV00457 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff has filed a motion pursuant to Fed. R. Civ. P. 56(f) seeking an order denying Defendant's Motion for Partial Summary Judgment or, alternatively, for an order continuing consideration of the Motion until sufficient discovery has been conducted.

Rule 56(f) provides as follows:

> **When Affidavits Are Unavailable**. If a party opposing the motion **shows by affidavit** that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1)deny the motion: (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken: or (3) issue any other just order.

Fed. R. Civ. P. 56(f)(emphasis added). The court is guided by the following instruction regarding Rule 56(f) motions.

> "Unless dilatory or lacking in merit, the motion should be liberally treated." ... **A prerequisite to granting relief, however, is an affidavit furnished by the nonmovant....** Although the affidavit need not contain evidentiary facts, **it must explain why facts precluding summary judgment cannot be presented. ... This includes identifying the probable facts not available and what steps have been taken to obtain these facts. ... In this**

**circuit, the nonmovant also must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact."**

*Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citations omitted)(emphasis added). *Accord*, *Garcia v. U. S. Airforce,* 533 F.3d 1170,1179 (10th Cir. 2008); *Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 731 (10th Cir. 2006), *cert. denied*, 550 U.S. 969 (2007).

Although Plaintiff has filed the Declaration of Roger H. Hoole in support of its motion, that document fails to comport with Tenth Circuit requirements, as generally outlined above.  The relevant thrust of Mr. Hoole's Declaration essentially is that "[w]ithout adequate responses to the written discovery and the ability to take depositions, it is impossible for Plaintiff to adequately respond to the Motion."  Hoole Decl. at ¶8.

The Court agrees with Defendant that Plaintiff has failed to meet the appropriated standard for entitlement to the relief requested.  Therefore, it is ordered that Plaintiff's Rule 56(f) Motion (Doc. #22) is denied.

DATED this 27th day of April, 2010.

BY THE COURT:


DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2